UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**RALPH FERGUSON**               :          **CIVIL ACTION NO. 22-cv-0929**

**VERSUS**                       :          **JUDGE JAMES D. CAIN, JR.**

**WAL-MART LOUISIANA, LLC, ET. AL.**   :    **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Presently before the court are four separate motions filed by plaintiff Ralph Ferguson ("Ferguson"):

(1) A Motion for Sanctions, doc. 5;

(2) A Motion to Strike Affirmative Defenses, doc. 7;

(3) A pleading entitled "Plaintiff's Redress of Grievance" but docketed as a Motion for Right of Access, doc. 16; and

(4) A Motion to Stay. Doc. 17.

For reasons stated herein, these motions are **DENIED**.

### I.
#### BACKGROUND

This suit, brought in proper person by Ferguson against Wal-Mart Louisiana, LLC, and Walmart, Inc., ("Walmart"), is for damages Ferguson alleges to have sustained from use of "GEORGE 6 PACK BOXER BRIEF," a product purchased from Walmart. Doc. 1, p. 3. Ferguson maintains he suffered an adverse reaction to the product which resulted in itching, watering of eyes, burning sensation to the skin, sloughing fingernails, and one sloughing thumbnail. He sues

Walmart as distributors and manufacturers of the product and seeks compensation for his damages. *Id.* p. 4, 5.

Walmart answered. Doc. 4. In its answer, Walmart raises several affirmative defenses. *Id.* pp. 7–13. Since the filing of the answer, Ferguson has filed the motions listed above.

## II.
### LAW AND ANALYSIS

#### A. *Motion for Sanctions*

Ferguson's first motion is one for sanctions brought pursuant to Rules 5 and 11 of the Federal Rules of Civil Procedure. Doc. 5. Ferguson complains of Walmart counsel's "frivolous arguments, harassment, needless increase in the cost of litigation and making allegations and other factual contentions despite evidentiary facts to the contrary and failure to serve." *Id.* Neither the motion nor the memorandum in support show that Ferguson complied with the mandates of Federal Rule of Civil Procedure Rule 11(c)(2), the "Safe Harbor" provision.

Subsection (c)(2) of Rule 11 requires that a motion for sanctions be served under Rule 5 against the party sought to be sanctioned, "but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service . . . ." This provision is a mandatory prerequisite for the filing of the motion. *Uptown Grill, L.L.C. v. Camellia Grill Holdings, Inc.*, 46 F.4th 374, 388 (5th Cir. 2022).

Insofar as Ferguson failed to comply with the mandated Safe Harbor provision of Rule 11, this motion is **DENIED**.

#### B. *A Motion to Strike Affirmative Defenses*

Ferguson's second motion is one to strike eleven of the affirmative defenses asserted by Walmart in its answer. Doc. 7. Ferguson cites no law in his motion's supporting memorandum [doc. 7, att. 1] but rather argues the merits of those defenses.

As noted recently by the Middle District of Louisiana:

> Under Rule 12(f) of the Federal Rules of Civil Procedure, a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Both because striking a portion of a pleading is a drastic remedy, and because it often is sought by a movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." *Wilson v. Grimes*, No. 15-680, 2017 WL 2375903, at *4 (M.D. La. May 31, 2017) (citation omitted). Similarly, "[s]triking a pleading is generally disfavored, and it is 'a drastic remedy to be resorted to only when required for the purposes of justice [and] should be granted only when the pleading to be stricken has no possible relation to the controversy.' " *Spoon v. Bayou Bridge Pipeline, LLC*, 335 F.R.D. 468, 470 (M.D. La. 2020) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)); *see also Becnel v. Mercedes-Benz USA, LLC*, No. 14-0003, 2014 WL 4450431, at *2 (E.D. La. Sept. 10, 2014) (a motion to strike is a "drastic remedy" that is "disfavored" and "should be used sparingly by the courts"). Further, "district courts enjoy considerable discretion in ruling on a motion to strike." *Spoon*, 335 F.R.D. at 470 (citing *American S. Ins. Co. v. Buckley*, 748 F.Supp.2d 610, 627 (E.D. Tex. 2010)).

*McCoy v. SC Tiger Manor, LLC*, No. 19-723, 2022 WL 619922, at *3 (M.D. La. Feb. 11, 2022), *report and recommendation adopted*, No. 19-723, 2022 WL 619966 (M.D. La. Mar. 2, 2022). The Eastern District of Louisiana also recently noted:

> The Fifth Circuit has held that a motion to strike should be granted "only when the pleading to be stricken has no possible relation to the controversy." Likewise, disputed questions of fact "cannot be decided on motion to strike," and, "when there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike." Furthermore, "impertinent" matter consists of statements that "do not pertain, and are not necessary, to the issues in question." Deciding whether to strike certain material from a complaint lies within the Court's discretion.

*InPhaseMining.Com, LLC v. PetaWatt Massena, LLC*, No. 22-140, 2022 WL 1715210, at *3 (E.D. La. May 10, 2022) (footnotes with citations omitted).

We have reviewed the affirmative defenses complained of and do not find them to be redundant, immaterial, impertinent, or scandalous. Accordingly, Ferguson's Motion to Strike is **DENIED**.

### C. Pleading Entitled "Plaintiff's Redress of Grievance" but Docketed as a Motion for Right of Access

Ferguson entitled his next motion as "Plaintiff's Redress of Grievance," although the document was docketed as a "Motion for Right to Access." Doc. 16. Ferguson phrases his "grievance" as follows:

> The court appears to be holding plaintiff to the standards of professionals in allotting in fact a mere 3 days for plaintiff to reply to papers filed by defendant's professionals. Plaintiff is not a professional. Plaintiff has a property right to access the courts under the due process clause meaning plaintiff has a prior right to meaningful access to the courts which is a superior right to the defendants hired professionals who have a mere usufructuary right. The lack of raising this grievance now with respect to adequate, equal and meaningful access to the courts jeopardizes plaintiff's cause and thus plaintiff would suffer irreparable harm.

*Id.*, p. 3. Ferguson then poses two questions to the court, i.e., whether he is to be held to the "same standards" as licensed attorneys and then, somewhat sardonically, whether, if we were to so hold, we would be "so moved to point to the specific law and or provide plaintiff a copy of the order[1] so that plaintiff can properly make a constitutional challenge to the law, rule or order?" *Id.*, p. 4.

It is not the responsibility of the court to instruct a litigant, *pro se* or otherwise, on what is the law, and neither are we to answer questions about what the applicable law is—it is the duty of the litigant to inform the court of what he/she/it suggests would be the law applicable to whatever claim he/she/it has and relief he/she/it requests.[2] Having said that, however, and considering Ferguson's pleadings already filed, we will note for his benefit that a court must recognize that a *pro se* litigant lacks the juridical skills of a trained attorney in interpreting and applying the

---

[1] Ferguson only mentions an "order" in this portion of his filing. We are unsure to which order he refers.
[2] Support for the assertion that the litigant has a duty to supply the applicable law is seen generally in *Neitzke v. Williams*, 109 S.Ct. 1827, 1831–32 (1989) (implying that a complaint is frivolous if it is not based in both law and fact). If a litigant fails to supply the legal basis for his/her/its claims, it is not the court's job to provide such a legal basis. *See Case v. State Farm Mut. Auto. Ins. Co.*, 294 F.2d 676, 678 (5th Cir. 1961) (stating that the court does not have a duty to create a claim a party has not pleaded).

procedural and substantive requirements of the legal system, but this lack of skill requires us only to liberally construe his pleadings. *Perez v. U.S.*, 312 F.3d 191, 194–95 (5th Cir. 2002). A liberal reading of pleadings is the only special treatment owed to *pro se* litigants. *Callahan v. C.I.R.,* No. 99-0295, 2000 WL 1141607, at *1, n.1 (M.D. La. Apr. 10, 2000). *Pro se* litigants are required to know their legal rights and abide by all applicable procedural rules, and ignorance or unfamiliarity with court proceedings does not relieve the litigant of that duty. *Washington v. Jackson State University*, 532 F. Supp. 2d 804, 809 (S.D. Miss. 2006) (citing *Boswell v. Gov. of Texas*, 138 F. Supp. 2d 782, 785 (N.D. Tex. 2000)). *See also Barrow v. New Orleans S.S. Ass'n,* 932 F.2d 473, 478 (5th Cir.1991). A *pro se* litigant is not "exempt . . . from compliance with relevant rules of procedural and substantive law." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

To the extent Ferguson's "pleading" constitutes any request for relief, it is **DENIED.**

### D. *Plaintiff's Motion to Stay*

Finally, and in conjunction with his "Redress of Grievance," Ferguson asks us to stay these proceedings.[3] Doc. 17. He asks that we stay "all deadlines in this cause pending a determination on PLAINTIFF'S REDRESS OF GRIEVANCE jointly filed" with this motion. Doc. 17, p. 1. Insofar as we have made a "determination on PLAINTIFF'S REDRESS OF GRIEVANCE," Ferguson's stated need for a stay is absent.[4] The motion is, therefore, **DENIED**.

---

[3] Ferguson suggests he is filing this request "pursuant to LR7.4.1." Doc. 17, p. 1. This court's Local Rule 7.4.1 merely lists what types of motions may be filed without an accompanying memorandum.

[4] Given this determination, we need not address the merits (or lack thereof) of Ferguson's request as it pertains to the legal standard imposed upon us for staying a proceeding.

## III.
### CONCLUSION

For reasons stated, the Motion for Sanctions [doc. 5], Motion to Strike Affirmative Defenses [doc. 7], "Plaintiff's Redress of Grievance" docketed as a Motion for Right of Access [doc. 16], and Motion to Stay [doc. 17] be and they are hereby **DENIED**.

THUS DONE AND SIGNED in Chambers this 6th day of December, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE