UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**RALPH FERGUSON**              :         **DOCKET NO. 2:22-cv-00929**

**VERSUS**                      :         **JUDGE JAMES D. CAIN, JR.**

**WAL-MART LOUISIANA LLC, ET AL** :       **MAGISTRATE JUDGE KAY**

**ORDER**

Before the court is an "Emergency Plaintiff's Motion for Medical Stay" filed by pro se plaintiff Ralph Ferguson. Doc. 41. Through the motion, plaintiff asserts that his "ill health," primarily headaches, is interfering with his ability to effectively prosecute this case. *Id.* He thus requests a stay of the matter "through the end of the consult period" provided by the Department of Veterans Affairs. Doc. 41, att. 2, p. 2. This period ends on April 10, 2024. *Id.* Defendants Wal-Mart Louisiana LLC and Walmart Inc. did not file a response. The motion is now ripe.

For the reasons stated, plaintiff's motion is **DENIED**.

Rule 1 of the Federal Rules of Civil Procedure instructs us to construe, administer, and employ the rules of procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." A district court also has inherent power to control the disposition of its docket and while doing so, to consider economy of time and effort for itself, counsel, and the litigants. *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 57 S. Ct. 163, 166 (1936)). This inherent authority includes "broad discretion to stay proceedings." *Clinton v. Jones*, 117 S. Ct. 1636, 1650 (1997). Thus, the court must weigh

competing interests and maintain an even balance to properly exercise this discretion when considering a motion to stay. *Landis*, 57 S. Ct. at 166.

"In general, the party seeking the stay 'bears a heavy burden to show why a stay should be granted,' and 'a court should tailor its stay so as not to prejudice other litigants unduly.'" *Howard v. Treon*, No. B-13-129, 2014 WL 12880095, at *2 (S.D. Tex. Apr. 4, 2014) (brackets omitted) (quoting *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 203 n.6 (5th Cir. 1985)). A proposed discretionary stay should be invoked only for something close to genuine necessity. *Coastal (Bermuda)*, 761 F.2d at 203 n.6.

Citing his ill health, plaintiff asks us to stay this matter until April 10, 2024. Plaintiff specifically states that headaches "have been inhibiting [his] ability to adjudicate this cause." Doc. 41, att. 2, p. 1. He does not explain to the court the severity of these "headaches" or how they prevent him from prosecuting his case. His only reason for the necessity of a stay is so he can "attend doctor appointments to obtain remedies which will aid in the relief of diseases affecting [his] ability to adjudicate this cause." *Id.* at p. 2, ¶ 7.

This explanation does not satisfy plaintiff's "heavy burden" to show why we should grant the stay. Needing to attend an unspecified number of doctor's appointments over the span of several months does not, in and of itself, necessitate a stay for the duration of that timespan. If plaintiff's medical consultations interfere with his ability to comply with certain deadlines set by the court, he can always file a motion to extend those specific deadlines. *See* doc. 38 (denying plaintiff's second motion to stay [doc. 28] and stating that the proper avenue for seeking relief from a deadline is filing a motion for extension).

Additionally, staying the case for several months would likely lead the parties to seek a new trial date and accompanying scheduling order, which would not be an economical use of time

-3-

and effort for defendants, defense counsel, or the court. Thus, such a delay prejudices defendants' right to have the case adjudicated. Accordingly, granting the motion does not comport with our obligation under Rule 1 of the Federal Rules of Civil Procedure to secure the just, speedy, and inexpensive determination of this action.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's "Emergency Plaintiff's Motion for Medical Stay" [doc. 41] is **DENIED**.

THUS DONE AND SIGNED in Chambers this 24th day of October, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE