UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**RALPH FERGUSON**                              **CASE NO. 2:22-CV-00929**

**VERSUS**                                      **JUDGE JAMES D. CAIN, JR.**

**WAL-MART LOUISIANA L L C ET AL**              **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM ORDER

Before the court are several discovery motions filed by Plaintiff, Ralph Ferguson. For the following reasons, it is

**HEREBY ORDERED** that *Plaintiff's Motion for Judicial Determination* [doc. 61] is **DENIED**;

**IT IS FURTHER ORDERED** that *Plaintiff's Motion to Compel Defendants Good Faith Response to Plaintiff's First Request for Production and Motion for Sanctions* [doc. 62] is **DENIED**;

**IT IS FURTHER ORDERED** that *Plaintiff's Motion to Compel Defendants Adequate and Good Faith Responses to Plaintiff's Second Set of Discovery Requests*, [doc. 80] is **DENIED**;

**IT IS FURTHER ORDERED** that *Plaintiff's Motion to Reopen Discovery*, [doc. 96] is **DENIED.**

### I.
#### BACKGROUND

This product liability lawsuit was brought by *pro se* plaintiff Ralph Ferguson ("Plaintiff") against defendants Wal-Mart Louisiana L.L.C. and Walmart Inc. (collectively, "Wal-Mart"). In his Complaint, filed April 5, 2022, Plaintiff alleges that he purchased two packages of boxer briefs at his local Wal-Mart Store, which were labeled "George 6 Pack Boxer Briefs" (the "Product"). Doc.

1, p. 3. After using the Product for approximately one week, he realized he was experiencing what he asserts is an adverse reaction to the Product. This adverse reaction first manifested as rash, itching and burning sensations, watering eyes, and sloughing fingernails and toenails; he was diagnosed with contact dermatitis on November 20, 2021, and he underwent a skin biopsy procedure. Doc. 1, p. 3.

Plaintiff alleges that the Product is defective within the meaning of the Louisiana Products Liability Act (the "LPLA"), La. R. S. § 9:2008.51, *et seq.,* and he seeks redress under that statute for damages he suffered, including emotional distress, depression, loss of appetite, loss of intimacy, headaches, altered sense of taste, weight loss, unexplainable nausea, loss of sleep, medicinal expenses, loss of quality of life, economic loss, and embarrassment. Doc. 1. Plaintiff alleges that this court may exercise jurisdiction over the action pursuant to 28 U.S.C. § 1332, which provides federal district courts with original jurisdiction over cases between citizens of different states in which the amount in controversy exceeds $75,000.[1]

## II.
## APPLICABLE LAW

Rule 26(b)(1) of the Federal Rules of Civil Procedure limits the scope of discovery to matters relevant to a claim or defense and proportional to the needs of the case. Relevant information is defined as "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,*

---

[1] The court is satisfied that the parties are of diverse citizenship. Mr. Ferguson alleges that he is a citizen of Louisiana. Doc. 1, ¶ 1. Walmart Inc., is a Delaware corporation with its principal place of business in Bentonville, Arkansas, making it a citizen of Delaware and Arkansas. Doc. 13; 28 U.S.C. § 1332(d). Defendant, Wal-Mart Louisiana, LLC, is a limited liability company, and as such its citizenship is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling*, 542 F.3d 1077, 1080 (5th Cir. 20018). According to its Corporate Disclosure Statement, its sole member is Wal-Mart Stores East, LP, another unincorporated entity, whose only members are WSE Management, LLC and WSE Investment, LLC. "The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, Inc., an Arkansas corporation with its principal place of business in Bentonville, Arkansas." Doc. 13. Accordingly, Wal-Mart Louisiana, LLC is a citizen of Arkansas and the parties are of diverse citizenship.

98 S. Ct. 2380, 2389 (1978); *see also* Fed. R. Evid. 401 (defining relevant evidence as making a fact of consequence in determining the action more or less probable). In explicitly defining the scope of discovery in terms of both relevance and proportionality, Rule 26(b) is designed to reinforce the obligation of the parties to consider the proportionality factors in making discovery requests. *See* Fed. R. Civ. P. 26(b) advisory committee's note to 2015 amendment. The court may limit discovery when:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C); *see also Hebert v. Lando*, 99 S. Ct. 1635, 1649 (1979). Control of discovery is subject to the trial court's sound discretion. *Van Duzer v. U.S. Bank Nat. Ass'n*, 582 F. App'x 279, 283 (5th Cir. 2014).

### III.
### PLAINTIFF'S MOTIONS

**A. Plaintiff's First Motion to Compel and Motion for Judicial Determination**

In *Plaintiff's Motion to Compel Defendants Good Faith Response to Plaintiff's First Request for Production and Motion for Sanctions* [doc. 62], Plaintiff seeks sanctions and more adequate responses to the first set of requests for production that Plaintiff propounded on Wal-Mart on or about September 20, 2023. Doc. 62, att. 2. Attached to the motion are Wal-Mart Inc.'s initial February 22, 2024, responses to those requests [doc. 62, att. 5] and Wal-Mart Inc.'s revised March 14, 2024, responses. Doc. 62, att. 6. Plaintiff complains that Wal-Mart's responses are abusive because of Wal-Mart's numerous objections, which include the objection that Wal-Mart is not in possession of certain requested information because Wal-Mart did not manufacture the

3

Product. Doc. 62, att. 3, p. 2. In *Plaintiff's Motion for Judicial Determination* [doc. 61], filed the same day as the first motion to compel, Plaintiff seeks a judicial determination that Wal-Mart meets the statutory definition of "manufacturer" as that term is defined by the LPLA, La. R.S. § 9:2008.53. Plaintiff argues the court should determine that Wal-Mart is the Product's manufacturer because Wal-Mart has repeatedly denied manufacturing the Product in its discovery responses. Plaintiff attaches the same February 22, 2024, responses to Plaintiff's first set of requests for production, describing the objections raised therein as abusive. Doc. 61, att. 2. In essence, the *Motion for Judicial Determination* asks the court to declare that Wal-Mart is the "manufacturer" of the Product as a sanction for Wal-Mart's alleged discovery abuses.

The court finds no basis to grant either motion. In the *Motion to Compel* [doc. 62], Plaintiff requests that Wal-Mart be ordered to provide different or more adequate responses to the discovery requests. While it is true that Wal-Mart repeatedly objects in its discovery responses that it is not the manufacturer of the Product and that it is not in possession of the information Plaintiff requests, these statements are not abusive if they are true. The court cannot order Wal-Mart to produce documents that it does not possess. *McCoy v. SC Tiger Manor, LLC*, No. CV 19-723-JWD-SDJ, 2021 WL 1321303, at *5 (M.D. La. Apr. 8, 2021).

In the *Motion for Judicial Determination* [doc. 61], Plaintiff argues essentially that it is self-evident that Wal-Mart must be an LPLA "manufacturer" of the Product, and Plaintiff asserts that the Product is sold under the "George" brand belonging to Wal-Mart. Doc. 61, att. 1, pp. 2-4. Thus, Plaintiff expresses frustration that Wal-Mart will not admit to being the manufacturer of the Product. *Id.* Wal-Mart asserts on information and belief that Gildan Activewear, Inc. d/b/a Gildan USA Inc. manufactured the Product, with the caveat that Wal-Mart is not certain of the exact product of which Plaintiff complains. Doc. 73, p. 2. Without making a determination at this time

4

as to whether Wal-Mart may qualify as a "manufacturer" for the purposes of the LPLA, the court has no basis to doubt the veracity of Wal-Mart's factual assertions in its discovery responses. By signing the discovery responses, counsel implicitly certified the appropriateness of the responses to the best of their knowledge, information, and belief, formed after inquiry reasonable under the circumstances. Fed. R. Civ. P. 26(g). Wal-Mart is required by Fed. R. Civ. P. 26 to supplement its discovery responses should new information come to light that renders its previous answers untrue or inaccurate. Although Wal-Mart may be subject to sanction for violation of these duties and obligations, the court perceives no basis for such sanction here.

Moreover, whether a seller can be considered a "manufacturer" under the LPLA is a fact-intensive inquiry inappropriate for resolution on this motion. *See St. Bernard Par. v. Lafarge N. Am., Inc.*, No. CV 11-2350, 2016 WL 1660174, at *1 (E.D. La. Apr. 27, 2016) (reasoning that motion to compel is an inappropriate vehicle for requesting application of estoppel doctrine). Plaintiff bears the burden of proving that Wal-Mart is a "manufacturer" within the meaning of the LPLA as an element of his case-in-chief:

> To maintain a successful products liability action under the LPLA, a plaintiff must establish four elements: (1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product "unreasonably dangerous"; and (4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else.

*Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 260–61 (5th Cir. 2002) (citing La. R.S. § 9:2800.54). The LPLA defines "manufacturer" as follows:

> (1) "Manufacturer" means a person or entity who is in the business of manufacturing a product for placement into trade or commerce. "Manufacturing a product" means producing, making, fabricating, constructing, designing, remanufacturing, reconditioning or refurbishing a product. "Manufacturer" also means:
>> (a) A person or entity who labels a product as his own or who otherwise holds himself out to be the manufacturer of the product.

> (b) A seller of a product who exercises control over or influences a characteristic of the design, construction or quality of the product that causes damage.
>
> (c) A manufacturer of a product who incorporates into the product a component or part manufactured by another manufacturer.
>
> (d) A seller of a product of an alien manufacturer if the seller is in the business of importing or distributing the product for resale and the seller is the alter ego of the alien manufacturer. . . .

La. R.S. § 9:2800.53. A purpose of the discovery process is to allow the parties to gather evidence that could convince a finder of fact that Wal-Mart meets the statutory definition of "manufacturer." Plaintiff has had the opportunity to conduct discovery to gather such evidence, and the court therefore will not make a determination on this fact issue at this time.

Accordingly, *Plaintiff's Motion for Judicial Determination* and [doc. 61] and *Plaintiff's Motion to Compel Defendants Good Faith Response to Plaintiff's First Request for Production and Motion for Sanctions* [doc. 62] are denied.

### B. Plaintiff's Second Motion to Compel

In *Plaintiff's Motion to Compel Defendants Adequate and Good Faith Responses to Plaintiff's Second Set of Discovery Requests* [doc. 80], Plaintiff seeks adequate responses from Wal-Mart to Plaintiff's Requests for Admission numbered 1-26 and Interrogatories numbered 1-9.[2]  Doc. 80, att. 1.  Plaintiff's motion to compel is focused primarily on defending the relevance of the discovery requests, rather than demonstrating that Wal-Mart has exhibited bad faith in responding and/or objecting to those requests.  In addition to its substantive objections to Plaintiff's requests, Wal-Mart also opposes Plaintiff's second motion to compel on the basis that it is untimely under this court's Scheduling Order, as it was filed three weeks after this Court's deadline to file motions to compel.

---

[2] Plaintiff attaches a document dated April 2, 2024, titled "Responses of Walmart Inc. to Plaintiff's First Request for Production" with a sub-title "Request for Admissions with Interrogatories." Doc. 80, att. 3.

The court denies the second motion to compel as untimely;[3] additionally, the court notes that Wal-Mart's responses appear to be substantively adequate. The requests for admission and interrogatories pertain to several subjects, primarily seeking clarification, information, and admissions regarding the labeling on the packaging in which the Product was sold, chemicals used to treat the Product, chemicals used in creating the Product, and whether the Product is capable of causing harm. Doc. 80, att. 2. The requests also seek broader scientific information, such as:

> **Admit or Deny 1:** That WALMART INC. practices or supports design obsolescence.
> [ . . . ]
> **INTERROGATORY 1:** If you admit to Admit or Deny No3; Please explain why the action of killing of microbes on human skin would not be considered as a medical or pharmaceutical procedure.
> [ . . . ]
> **Admit or Deny 11:** That the human skin is an organ of the human body which breaths [sic] and has an absorption quality.
> [ . . . ]
> **Admit or Deny 14:** That healthy human skin has natural bacterial inhibiting qualities.
> [ . . . ]
> **Admit or Deny 26:** That some prescription drugs are administered via topical application.

Doc. 80, att. 2, pp. 8–11.

In its attached response, Wal-Mart objects to the requests for admission and interrogatories on a number of bases: that the requested information is not in Wal-Mart's custody or control because Wal-Mart did not manufacture the Product or because Plaintiff is in possession of the packaging and labeling at issue; that the request is not the proper subject of a request for admission; and that the request is vague, unlimited in time or scope, or calls for an expert opinion or a legal

---

[3] The Complaint in this matter was filed on April 5, 2022. Doc. 1. A scheduling conference was held on May 4, 2023, at which time this case was set for trial on August 19, 2024. Docs. 21 & 22. On July 19, 2024, just a month before trial, the trial was continued due to a scheduling conflict on the Court's calendar, and the parties were ordered to a settlement conference with the Magistrate Judge. Doc. 85. At the time of the continuance more than two years after commencement of this action, all discovery-related pretrial deadlines had expired, and the Court does not intend to reset those deadlines in connection with any subsequent trial fixing. As the continuance was on the Court's own motion, the parties should have been ready to proceed to trial at the time trial was continued.

or scientific conclusion. Doc. 80, att. 3. The court agrees Wal-Mart's objections are well founded, and so the motion to compel also should be denied on that basis.

Finally, "there is no such thing as a 'motion to compel admissions' under the Federal Rules of Civil Procedure. While a Rule 36 request for admissions is a discovery device, it is not one of the discovery devices for which Rule 37 provides a 'motion to compel' as the means of enforcement." *St. Bernard Par. v. Lafarge N. Am., Inc.*, No. CV 11-2350, 2016 WL 1660174, at *1 (E.D. La. Apr. 27, 2016).

Accordingly, the *Plaintiff's Motion to Compel Defendants Adequate and Good Faith Responses to Plaintiff's Second Set of Discovery Requests* [doc. 80] is denied.

### C. Plaintiff's Motion to Reopen Discovery

In Plaintiff's *Motion to Reopen Discovery*, [doc. 96] filed August 19, 2024, Plaintiff requests that discovery be reopened, noting that the trial in this matter was previously set for August 19, 2024, and continued due to chambers' scheduling conflict.[4] The motion complains that Wal-Mart's abusive discovery tactics warrant additional time for discovery. Doc. 96. Having reviewed Wal-Mart's discovery responses submitted in connection with Plaintiff's motions to compel, the court does not find Wal-Mart's objections abusive for the reasons described above.

The court notes that Wal-Mart has filed two motions for summary judgment, which Plaintiff has opposed, and which are held in abeyance pending resolution of these discovery disputes. Docs. 54, 97, 99. In its first Motion for Summary Judgment, Wal-Mart contends that summary judgment is appropriate because "Plaintiff has failed to present any evidence on the issue of medical causation in this case, as he has failed to present any medical evidence that the product he purchased from Walmart caused his injuries." Doc. 54. In its second Motion for Summary

---

[4] See footnote 3, *supra*.

8

Judgment, filed after the now-continued August 19, 2024, trial date, Wal-Mart contends that Plaintiff cannot satisfy his burden of proof on his claims under the LPLA, *i.e.*, that the Product was unreasonably dangerous, defectively designed, contained an inadequate warning, or involved a breach of express warranty.

Considering that the first of these motions for summary judgment was timely filed before the August trial date and concerns a failure of Plaintiff's medical evidence, of which Plaintiff, not Wal-Mart, is the master, we see no need to reopen discovery at this time.

Accordingly, Plaintiff's *Motion to Reopen Discovery* [doc. 96] is denied.

## IV.
### CONCLUSION

For the foregoing reasons, *Plaintiff's Motion for Judicial Determination* [doc. 61] is denied; *Plaintiff's Motion to Compel Defendants Good Faith Response to Plaintiff's First Request for Production and Motion for Sanctions* [doc. 62] is denied; *Plaintiff's Motion to Compel Defendants Adequate and Good Faith Responses to Plaintiff's Second Set of Discovery Requests*, [doc. 80] is denied; and *Plaintiff's Motion to Reopen Discovery*, [doc. 96] is denied.

**SO ORDERED** at Lake Charles, Louisiana, this 24th day of March, 2025.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**