UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**RALPH FERGUSON**                    **CASE NO. 2:22-CV-00929**

**VERSUS**                            **JUDGE JAMES D. CAIN, JR.**

**WAL-MART LOUISIANA L L C ET AL**    **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM RULING

Before the court are Motions for Summary Judgment [docs. 54, 97] filed by defendants Wal-Mart, Inc. and Wal-Mart Louisiana, LLC (collectively, "Wal-Mart"). The motions are both opposed. Docs. 60, 100.

## I.
### BACKGROUND

This suit arises from boxer briefs that plaintiff purchased at a Wal-Mart store in DeRidder, Louisiana. Doc. 1, ¶¶ 2, 8. Plaintiff alleges that, after one week of exposure to these articles of clothing in March 2021, he developed a skin rash. *Id.* at ¶¶ 9–11. In November 2021, he was diagnosed with contact dermatitis. *Id.* He further alleges that he experiences burning and intense itching beyond the rash areas as well as itching and watering eyes and sloughing fingernails, and that the biopsy he underwent as a result of these reactions left him with scarring and nerve damage. *Id.* at ¶¶ 10, 12.

Plaintiff alleges that, despite no further contact with the product, he continued to experience the adverse reactions at least until April 2022. *Id.* at ¶ 15. At that time, proceeding *pro se*, he filed suit against Wal-Mart in this court, alleging that the boxer briefs

were defective within the meaning of the Louisiana Products Liability Act ("LPLA"), La. R.S. § 9:2008.51.[1] *Id.* at ¶¶ 16–17.

Over the three years this action has been pending, Wal-Mart has filed two motions for summary judgment based on plaintiff's inability to produce (1) expert testimony showing that contact with the boxer briefs caused his rash or (2) evidence supporting his claim that the product was unreasonably dangerous under any of the LPLA's four theories. Docs. 54, 97. Plaintiff opposed both motions based in part on outstanding discovery allegedly withheld by Wal-Mart. Docs. 60, 100. Accordingly, the court held both motions in abeyance while the magistrate judge addressed pending discovery motions. Doc. 99. After the magistrate judge addressed the discovery motions, ruling that plaintiff was not entitled to any additional discovery, the court then reset response deadlines on the motions for summary judgment. Doc. 103. Plaintiff's response deadlines have passed without any supplement to his opposition. The court therefore addresses the motions on the briefing already provided.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying

---

[1] Plaintiff does not specifically name the LPLA in his complaint, but describes the product as "unreasonably dangerous in design" and further alleges that Wal-Mart is liable as distributor and manufacturer of the product. Doc. 1, ¶¶ 16–17. It is well established under both the statute and attendant case law that a plaintiff suing a manufacturer based on damages caused by its product may only proceed under the LPLA. *Rivers v. Remington Arms Co.*, 2018 WL 746392, at *2 (E.D. La. Feb. 7, 2018) (citing *Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1248 (5th Cir. 1997)).

portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Wal-Mart first asserts that plaintiff's claims must be dismissed because he has not provided any expert testimony to show that his injuries were caused by the product. Doc. 54. To prevail under any of the LPLA's theories, plaintiff must show that (1) Wal-Mart

manufactured the product; (2) his injuries were proximately caused by a characteristic of the product; (3) this characteristic made the product unreasonably dangerous; and (4) his injuries arose from a reasonably anticipated use of the product. *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 260–61 (5th Cir. 2002). Proof of causation has both a general and a specific component. *Pick v. American Med. Sys., Inc.*, 958 F.Supp. 1151, 1164 (E.D. La. 1997). The plaintiff must first show that the substance at issue can cause diseases or disorders in people in general and then that the substance "was in fact the cause of the ailments or symptoms in the particular patient." *Id.*

Expert testimony is not required in every LPLA case and plaintiffs "may sometimes 'rely on lay testimony alone.'" *Stewart v. Capital Safety USA*, 867 F.3d 517, 520 (5th Cir. 2017) (quoting *Malbrough v. Crown Equip. Corp.*, 392 F.3d 135, 137 (5th Cir. 2004)). But that is not the case here, where the rash is a condition with several possible causes, has spread beyond the area of contact with the product,[2] and persisted for at least a year after plaintiff's limited contact with the product. Additionally, plaintiff does not name the chemical contaminant that was the alleged cause of his contact dermatitis. Nor has he provided any proof that it was in the product. He further admits, as of April 2024, that he has "not yet been seen by the appropriate specialist capable of making a determination of specific causation" and that he "has been informed that [his] disease may be immune system related which may account for [his] waxing waining [*sic*] disease." Doc. 60, p. 2. Plaintiff cannot establish general—much less specific—causation. His failure to provide

---

[2] Plaintiff admits that one of the skin plugs for the biopsy was taken from his neck and that he also experiences itching and watering eyes and sloughing fingernails. *Id.* at ¶¶ 10, 12.

any evidentiary support linking the boxer briefs he purchased to his long-term reaction is fatal to his claims. *Kemp v. Metabolife Intern., Inc.*, 2004 WL 2095618, at *3 (E.D. La. Sep. 13, 2004) (citing *Pick*, 958 F.Supp. at 11163). Therefore this action must be dismissed and the court need not consider the arguments raised under Wal-Mart's other motion for summary judgment.

## IV.
### CONCLUSION

For the reasons stated above, Wal-Mart's first Motion for Summary Judgment [doc. 54] will be **GRANTED** and all claims in this matter will be **DISMISSED WITH PREJUDICE**. Wal-Mart's second Motion for Summary Judgment [doc. 97] will be **DENIED AS MOOT**.

**THUS DONE AND SIGNED** in Chambers on the 24th day of April, 2025.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**